# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60549
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2020

Lyle W. Cayce
Clerk

LORENZA HERNANDEZ SALVATIERRA,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A059 239 645

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.
PER CURIAM:*

Lorenza Hernandez Salvatierra, a native and citizen of Mexico, seeks review of the dismissal by the Board of Immigration Appeals (BIA) of her appeal from the immigration judge's (IJ) denial of her applications for adjustment of status and a waiver of inadmissibility under 8 U.S.C. § 1182(h).

The IJ found that Hernandez Salvatierra was inadmissible under 8 U.S.C. § 1182(a)(6)(E)(i) after she pleaded guilty to aiding and abetting an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60549

alien's attempt to enter the United States in violation of 8 U.S.C. § 1325(a)(3). In her appeal to the BIA, Hernandez Salvatierra argued that the IJ committed a "clear legal error" when it denied her requested "extreme hardship" waiver under §1182(h), because hardship waivers under § 1182(h) are inapplicable to findings of inadmissibility under § 1182(a)(6)(E)(i).  She requested that the BIA remand the case to the IJ to determine what, if any, type of relief she might be eligible for, but she did not specify any such relief.  The BIA refused her request, finding that she had "not alleged prima facie eligibility for any other relief from removal."

In her petition, Hernandez Salvatierra contends that the BIA erred by failing to remand the case back to the IJ to give her an opportunity to apply for alternate relief.  Hernandez Salvatierra's remand request was in the nature of a motion to reopen and was therefore subject to the substantive requirements for such motions.  *See Wang v. Ashcroft*, 260 F.3d 448, 451-52 (5th Cir. 2001). We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard.  *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). We will affirm the BIA's decision to deny a motion to reopen so long as it is not capricious, racially invidious, without evidentiary foundation, or arbitrary.  *Id.* at 304.

A motion to reopen may be denied on the ground that the alien fails to make a prima facie showing that she is entitled to the relief requested.  *See I.N.S. v. Abudu*, 485 U.S. 94, 104-05 (1988); *Pritchett v. I.N.S.*, 993 F.2d 80, 83 (5th Cir. 1993).  Here, not only did Hernandez Salvatierra fail to establish her prima facie eligibility in connection with her remand request to the BIA, she failed to even *allege* the form of relief for which she was eligible.  Accordingly, the BIA's denial of her remand request was not arbitrary or capricious.  *See Zhao*, 404 F.3d at 303.

Hernandez Salvatierra did not raise with the BIA her argument that the IJ's error in considering her eligibility for a § 1182(h) waiver "cut off any inquiry into any other forms of relief," or her arguments that she is eligible for cancellation of removal and voluntary departure. Accordingly, she failed to exhaust her administrative remedies as to those arguments, and we lack jurisdiction to consider them. *See Omari v. Holder*, 562 F.3d 314, 320-31 (5th Cir. 2009).

Finally, Hernandez Salvatierra does not challenge the BIA's determination that she is inadmissible under § 1182(a)(6)(E)(i)—or its corresponding denial of her request to remand to the IJ for termination of her proceedings—on the ground that she did not engage in alien smuggling for gain. Accordingly, she has abandoned any such challenge. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Hernandez Salvatierra's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.